IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GLC LOGISTICS, LLC § | | PLAINTIFF |
| § | | |
| v. § | | 1:06-CV-1086-LG-RHW |
| § | | |
| A&R PACKAGING & DISTRIBUTION § | | DEFENDANTS |
| SERVICES, INC, and A&R TRANSPORT, § | | |
| INC. § | | |

**MEMORANDUM OPINION AND ORDER TO REMAND CIVIL ACTION
TO THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI**

THIS MATTER COMES BEFORE THE COURT upon the Motion of the Plaintiff to Remand the above styled and numbered civil action to the Circuit Court of Hancock, County, Mississippi, pursuant to 28 U.S.C. §1446(c). The Court, having considered the pleadings on file, the brief and arguments of counsel, and relevant legal authorities, is of the opinion that Defendants' notice of removal was untimely filed. Thus, the Motion is well taken and should be granted.

**FACTS AND PROCEDURAL HISTORY**

According to the complaint, GSD Logistics, LLC owned and operated a clothing apparel warehousing and distribution facility at the Port Bienville Industrial Park in Pearlington, Mississippi. A&R Transport, Inc. and A&R Packaging and Distribution Services, Inc. ("A&R") also operated warehousing and distribution facilities adjacent to GSD. As part of A&R's operation they maintained and stored sea bulk shipping containers on the property. On August 29, 2005, Hurricane Katrina struck the Mississippi Gulf Coast. Record storm surge and flooding

-1-

converted some of A&R's shipping containers into storm driven flotsam which collided with GSD's warehouse.  GSD filed a civil complaint in the Circuit Court of Hancock County Mississippi on April 5, 2006, alleging that A&R had negligently failed to secure their shipping containers in the face of the impending hurricane.  The case was removed by A&R on October 26, 2006.  GSD contends that A&R's notice of removal is not timely and that the case should be remanded.  A&R counters that the notice of removal is timely.  According to A&R they "construed Plaintiff's complaint as alleging property damage with the maximum amount of recovery consisting of the cost of sheets of aluminum siding and then only to the extent that such damage was not otherwise caused by other floating debris.  It was only after Plaintiff's counsel indicated that Plaintiff was seeking to recover the cost to repair the entire structure that Defendants had any indication that the amount in controversy exceed $75,000." [1]  A&R contends that it first became aware that GSD was after more than costs of cosmetic repairs to the exterior of the warehouse on October 2, 2006, when GSD responded to A&R's formal request that GSD admit that it claimed more than $75,000 in damages.[2]

## DISCUSSION

Removal statutes are strictly construed against removal and for remand.  *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).  A defendant who does not timely assert the right to remove loses that right.  *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).  28 U.S.C. § 1446(b) provides a thirty day time limitation for the filing of the notice of removal.  In

---

[1] *See* Defendant's Brief in Opposition to Motion to Remand, at 1-2.

[2] According to Defendants, GSD seeks to recover over $300,000 in damages for the costs of repair to its building.

the first paragraph of §1446(b) the thirty day period is triggered by the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." The second paragraph of § 1446(b) comes into play when "the case stated by the initial pleading is not removable." The thirty day period is then triggered by "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In *Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir. 1992), the court held that "for the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id.* at 163. The Court does not need to consider the second paragraph of § 1446(b) since clearly, A&R filed the notice of removal within thirty days of GSD's admission that they sought more than $75,000 in damages. The issue here is whether the initial complaint reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount. If an objective reading of the complaint as a whole sets forth information which would have reasonably placed A&R on notice that GSD sought more than $75,000 in damages, A&R's notice of removal is untimely.

GSD's *ad damnum* clause does not set out a dollar amount of damages sought, neither does it state that GSD seeks damages in excess of the minimum jurisdictional amount required in federal court. Looking beyond the *ad damnum* clause however, other portions of the complaint set out details of the damages to GSD's property.[3] Paragraph 25 describes a shipping container

---

[3]*See Bosky v. Kroger Texas,* 288 F.3d 208 (5th Cir. 2002)( holding that the "setting forth" language contained in the first paragraph of § 1446(b) encompasses a broader range of information that can trigger a time limit based on notice).

impacting the south wall of the warehouse.  Paragraph 26 describes a shipping container actually floating into the warehouse damaging columns, girders, siding and insulation.  Paragraph 27 describes a breach in an exterior wall which permitted the intrusion of additional flood waters causing loss to the property stored within.  The complaint is accompanied by exhibits in the form of photographs.  Exhibits 1,5 and 9 depict a shipping container on its side, protruding from the exterior wall of  GSD's warehouse and shows an actual breach of that wall.  These allegations and exhibits in combination with GSD's demand for punitive damages and attorney's fees were sufficient to place A&R on notice that GSD was after more than the cost of cosmetic repairs to the warehouse exterior.

In sum, the Court finds that GSD's original pleadings "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman,* 969 F.2d at 163.  Thus, A&R's notice of removal was not timely, and this case should be remanded.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand the above styled and numbered cause should be, and is, hereby **GRANTED.** This matter is hereby **REMANDED TO THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 2th day of January, 2007.

      s/ *Louis Guirola, Jr.*
      LOUIS GUIROLA, JR.
      UNITED STATES DISTRICT JUDGE